STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                     Docket No. 5-1-17 Vtec

| Northern Vermont Rentals, LLC Extension |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Other (5-1-17 Vtec)


Title:          Motion to Extend Permit Duration (Motion 4)

Filer:          Northern Vermont Rentals, LLC

Attorney:       L. Brooke Dingledine

Filed Date:     December 11, 2017

Response in Opposition filed on 12/11/2017 by Attorney Hanne Anderson Trudeau for
Interested Person Town of Lyndon
        Opposition
**The motion is DENIED.**


Northern Vermont Rentals, LLC (Northern Vermont) appealed the Town of Lyndon (Town) Development Review Board's (DRB) denial of an application for an extension for a conditional use permit to make certain changes to a mobile home park.

In a November 2, 2017 decision, we concluded the permit should be extended to allow Northern Vermont to add fill to the park, but we did not determine whether the extension should allow any additional activities. Instead, we set the matter for a status conference for the parties to address additional issues. At that conference, the only remaining issue raised was a request by Northern Vermont that the permit be extended for longer than the standard two-year period for zoning permits set out in the Town of Lyndon Zoning Bylaws § 13.8. The Court instructed Northern Vermont to present that request in a motion.

That motion is now before us. Northern Vermont essentially argues that although it had approval to add fill to the park under a prior permit, it declined to continue that work because it came to believe that it could not be completed before the permit expired, and that the Town would not grant an extension. Northern Vermont therefore asks the Court to add 234 days to the two-year permit extension, based on the Court's equity jurisdiction and in the interest of fairness.[1]

We recognize that proceeding with land development before all approvals are final may be risky. See Mahar Conditional Use Appeal, No. 113-9-15 Vtec, slip op. at 3–4 (Vt. Super. Ct. Envtl. Div. Dec. 2, 2016) (Durkin, J.). Here, however, Northern Vermont had final approval, but chose not to proceed with its project. The Town did not prevent it from proceeding, and there

---

[1] The 234 days is calculated from when Northern Vermont filed its extension application, to when the prior permit expired.

was no threat of approval being revoked.  As Northern Vermont puts it, it was a business decision not to proceed.  Whether Northern Vermont regrets that decision now or not, the decision does not justify (whether in fairness, equity, or otherwise) extending the permit beyond the standard period set out in the bylaws.  For this reason, the motion to extend permit duration is **DENIED**.

Having ruled on this motion, the matter before us is concluded.  A Judgment Order accompanies this Entry Order.  We remand the application to the Town for the ministerial act of issuing a permit extension to Northern Vermont to carry out the fill activities.

So ordered.

**Electronically signed on January 08, 2018 at 02:55 PM pursuant to V.R.E.F. 7(d).**

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
L. Brooke Dingledine (ERN 2387), Attorney for Appellant Northern Vermont Rentals, LLC
Hanne Anderson Trudeau (ERN 7384), Attorney for Interested Person Town of Lyndon